IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                Plaintiff,

v.                                                      OPINION and ORDER

AMERICAN FAMILY INSURANCE, MATT ADAMS,            23-cv-298-jdp
PAT ADAMS, and REP WEST INSURANCE,

                Defendants.

---

Pro se plaintiff Valerie L. Flores brings this case based on allegations that defendants damaged her property while providing moving services and failed to reimburse her for the damage. Because Flores proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Flores's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for lack of subject matter jurisdiction.

District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). Under § 1332, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Flores alleges that she's a New York citizen and her allegations suggest that defendants are citizens of, and have their principal places of business in, states other than New York. But it's certain from the complaint and motion to supplement the record that the amount in controversy is well less than the jurisdictional threshold of $75,000. *See* Dkt. 1 at 6; Dkt. 10; *see also Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023). Because Flores's allegations make clear that she cannot satisfy the amount-in-controversy requirement, Flores hasn't shown a basis for diversity jurisdiction.

Flores checked a box stating that she's suing for a federal-law violation too. Dkt. 1 at 2. But Flores's complaint suggests causes of action based on tortious conduct and, potentially, breach of contract, which are state-law causes of action. Flores expressly alleges a violation of 18 U.S.C. § 1160, but that statute doesn't create a private right of action. *See Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 926 (10th Cir. 1994) ("Section 1160 does not proscribe conduct but instead enhances the sentence of one who has engaged in conduct proscribed by other criminal statutes."). The complaint doesn't present a federal question. *See Hulon v. Am. Fam. Ins. Co.*, No. 22-cv-303-jdp, 2023 WL 2809172, at *2 (W.D. Wis. Apr. 6, 2023) (conclusory allegations that a complaint presents a federal claim don't provide federal-question jurisdiction).

Flores moves to clarify the amount of damages she seeks, add exhibits to the record, and obtain injunctive relief. Dkt. 10. I will grant this motion in part because I have considered her new allegations and exhibits. But I will deny as moot the request for injunctive relief because Flores hasn't shown a basis for federal jurisdiction. I will deny as moot Flores's separate motion for injunctive relief, Dkt. 13, for the same reason: I don't have jurisdiction over this case.

Flores asks me to seal her separate motion for injunctive relief. Dkt. 12. Proceedings in federal court are presumptively open to the public and Flores has not provided any reason why her allegations should be kept from the public. Flores also asks me to seal her address, contending that she's in a domestic violence victims protection program. Because Flores is using a PO Box she received through that program as a mailing address, she hasn't shown that leaving her address public is likely to endanger her. I will deny her request to seal.

Flores asks me to transfer venue to New York. Dkt. 16 and Dkt. 19. Because doing this wouldn't cure the jurisdictional problem, I will deny these motions.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for lack of subject matter jurisdiction.

2. Plaintiff Valerie L. Flores's motion to supplement the record, Dkt. 10, is GRANTED in part and DENIED in part as moot.

3. Plaintiff's motion for injunctive relief, Dkt. 13, is DENIED as moot.

4. Plaintiff's motion to seal her motion for injunctive relief, Dkt. 12, is DENIED.

5. Plaintiff's motions to transfer venue, Dkt. 16 and Dkt. 19, are DENIED.

6. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered October 19, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge